IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01633-NYW

THE ESTATE OF MICHAEL SCOT MANUEL, Deceased, by and through
Julie Christine Skaggs-Manuel, Personal Representative,
JULIE CHRISTINE SKAGGS-MANUEL, individually,

    Plaintiffs,

v.

BRETT SCHROETLIN, individually and in his capacity as the Sheriff for the Grand County Sheriff's Department,
HEATHER GISH, individually and in her capacity as a Deputy for the Grand County Sheriff's Department,
MARLAN ANDERSON, individually and in his capacity as a Deputy for the Grand County Sheriff's Department,
SUSAN JAMES, individually and in her capacity as a Deputy for the Grand County Sheriff's Department,
JACOB FISHER, individually and in his capacity as a Corporal for the Grand County Sheriff's Department,
WAYNE SCHAFER, individually and in his capacity as Undersheriff for the Grand County Sheriff's Department,
KYNDRA GORE, individually and in her capacity as a Lieutenant for the Grand County Sheriff's Department, and
COLORADO WEST REGIONAL MENTAL HEALTH, INCORPORATED, d/b/a MIND SPRINGS HEALTH, INC., a Colorado corporation,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

This matter comes before the court on Defendants Brett Schroetlin, Heather Gish, Marlan Anderson, Susan James, Jacob Fisher, Wayne Schafer, and Kyndra Gore's (collectively, "Grand County Defendants") Motion to Dismiss (or "Motion"). [#49, filed December 18, 2017]. The undersigned considers the Motion to Dismiss pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated August 23, 2017 [#25], and the Memorandum dated December 19, 2017

[#50]. This court concludes that oral argument will not materially assist in the resolution of this matter. Therefore, upon careful review of the Motion and related briefing, applicable case law, and the entire docket, this court respectfully RECOMMENDS that the Motion to Dismiss be DENIED.

## BACKGROUND

The following facts are drawn from the Complaint and are taken as true for the purposes of this Motion. On July 5, 2016, Michael Scot Manuel ("Mr. Manuel"), a fifty-year-old engineer, was arrested on domestic violence charges and detained at the Grand County Jail. *See* [#1 at ¶¶ 1, 26]. At the time of his booking Mr. Manuel allegedly informed jail personnel that he was suicidal; jail personnel then allegedly placed Mr. Manuel on suicide watch. *See* [*id.* at ¶¶ 1, 30–34]. Rather than place Mr. Manuel in one of the two unoccupied cells designated for suicidal detainees, jail personnel placed Mr. Manuel in cell V1—"a visiting cell with a kiosk for video telephone conferencing." [*Id.* at ¶¶ 1, 35–40]. The kiosk in cell V1 comes equipped with a "43-inch steel cable connecting the receiver to the video phone[,]" and the light in the cell was not operating properly the night Mr. Manuel was placed in the cell. *See* [*id.* at ¶¶ 44–45]. Cell V2, the unoccupied, adjoining cell, did not contain a similar video kiosk, nor was it having issues with its lighting. [*Id.* at ¶¶ 43, 46–47].

The following morning, at approximately 8:00 a.m., jail personnel checked Mr. Manuel's blood alcohol level, but did not move Mr. Manuel to a suicide prevention cell despite the continued suicide watch. *See* [*id.* at ¶¶ 55–57]. Though Jail personnel allegedly contacted Defendant Colorado West Regional Mental Health, Incorporated, d/b/a Mind Springs Health, Inc. ("Mind Springs Health") at approximately 8:30 a.m., no Mind Springs Health employee "had yet arrived to evaluate, counsel, or treat Mr. Manuel" as of 10:50 a.m. [*Id.* at ¶¶ 59–60]. It

was at this time, 10:50 a.m., that Defendant Jacob Fisher conducted a suicide check on Mr. Manuel only to find Mr. Manuel "sitting oddly on the floor by the kiosk" with the steel phone cord tied around his neck. [*Id.* at ¶¶ 69–71]. Mr. Manuel was nonresponsive, and was flown on life support to St. Anthony's North Hospital in Denver, Colorado. [*Id.* at ¶¶ 72, 85]. Mr. Manuel's life support was later removed; he passed away on July 10, 2016, from anoxic brain injury, asphyxiation, and ligature hanging. [*Id.* at ¶ 86].

Plaintiffs the Estate of Michael Scot Manuel, Deceased, by and through, Julie Christine Skaggs-Manuel (the "Estate") and Julie Christine Skaggs-Manuel ("Ms. Skaggs-Manuel") (collectively, "Plaintiffs") initiated this action on July 5, 2017. *See* [#1]. Plaintiffs asserted claims against the Grand County Defendants for violations of Mr. Manuel's Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 (Claims 1–7); state law negligence claims against the Grand County Defendants (Claims 8–14) and Mind Springs Health (Claim 15); and a Colorado wrongful death claim against the Grand County Defendants (Claim 16). *See generally* [*id.*]. Plaintiffs have since dismissed their negligence claims against the Grand County Defendants, *see* [#31], and the Grand County Defendants filed their Answer to Claims 1–7 and 16 on September 13, 2017. [#32].

The Grand County Defendants filed the instant Motion to Dismiss on December 18, 2017. [#49]. Plaintiffs have since filed their Response and the Grand County Defendants their Reply. [#52; #54]. The Motion to Dismiss is now ripe for Recommendation.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and, as such, "are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction." *The Wilderness Soc. v. Kane Cty., Utah*, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011)

3

(Gorsuch, J., concurring); *accord 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (noting that courts have an independent obligation to satisfy themselves that subject matter jurisdiction exists, even in the absence of a challenge by either party). Under Article III of the United States Constitution, federal courts have jurisdiction to hear only certain "cases" and "controversies." *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014). To satisfy Article III's case or controversy requirement, Plaintiffs must establish: (1) an injury in fact; (2) a sufficient causal connection between the injury and the conduct complained of; and (3) a likelihood of redressability by a favorable decision. *New Mexico v. Dep't of Interior*, 854 F.3d 1207, 1214–15 (10th Cir. 2017). Indeed, standing cannot be assumed "in order to proceed to the merits of the underlying claim, regardless of the claim's significance." *Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 543 (10th Cir. 2016).

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may either facially or factually attack the court's subject matter jurisdiction. *See generally Pueblo of Jemez v. United States*, 790 F.3d 1143, 1147 n.4 (10th Cir. 2015). When, as here, a party levies a factual attack the court may not presume the truthfulness of the complaint's factual allegations and may consider affidavits or other documents to resolve jurisdictional facts. *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995). Like standing, the burden of establishing jurisdiction rests with the party asserting it. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

**ANALYSIS**

The Grand County Defendants argue for dismissal of Claims 1–7 because no Estate existed at the time the Complaint was filed, and Ms. Skaggs-Manuel, as Mr. Manuel's surviving spouse, lacks standing to sue on Mr. Manuel's behalf for violations of his constitutional rights.

*See* [#49 at 6–7; #54 at 2–6]. The Grand County Defendants further contend that in the absence of a constitutional violation there can be no associated municipal liability claim and, without a federal cause of action, this court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims. [#49 at 8–9].[1]

Plaintiffs respond that the constitutional claims are properly brought on behalf of the Estate through Ms. Skaggs-Manuel as personal representative, such that subject matter jurisdiction is proper over Claims 1–7. [#52 at 1–3]. Plaintiffs also indicate that, although Ms. Skaggs-Manuel was only recently appointed as personal representative of the Estate, Colo. Rev. Stat. § 15-12-701 relates that appointment back to the time Plaintiffs filed the Complaint; thus, all requirements of standing were satisfied at the time of filing. [*Id.*]; *see also* [#52-1]. I respectfully conclude that federal subject matter jurisdiction over Plaintiffs' claims is proper.

To start, as both Parties acknowledge, any § 1983 wrongful death action must be brought as a survival action by the "*estate* of the deceased victim, in accord with § 1983's express statement that liability is to the injured party." *Berry v. City of Muskogee, Oklahoma*, 900 F.2d 1489, 1506–07 (10th Cir. 1990) (citation and internal quotation marks omitted) (emphasis added). As such, the Grand County Defendants are correct in their assertions that Ms. Skaggs-Manuel *individually* lacks standing to assert constitutional claims on behalf of Mr. Manuel. *See A.B., by Ybarra v. City of Woodland Park*, 174 F. Supp. 3d 1238, 1246–47 (D. Colo. 2016) (concluding the plaintiffs, as individuals, lacked standing to assert claims alleging violations of

---

[1] In their Reply, the Grand County Defendants also alert the court to discovery issues that have arisen in this matter, and argue for sanctions against Plaintiffs for their apparent misrepresentations to the court and the resulting prejudice to the Grand County Defendants. *See* [#54 at 6–7]. But "[a] motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document." D.C.COLO.LCivR 7.1(d). I, therefore, do not consider these requests in analyzing the Motion to Dismiss. To the extent discovery issues cannot be resolved by the Parties, they are reminded of the requirement of the undersigned's informal discovery dispute procedure prior to the filing of any formal discovery motion.

the decedent's constitutional rights). But as Plaintiffs clarify, Claims 1–7 are brought by Ms. Skaggs-Manuel as personal representative of the Estate, not by Ms. Skaggs-Manuel individually. *See* [#52 at 3 ("To be clear, Mrs. Manuel brings only the negligence and wrongful death claims in her individual capacity. The 1983 claim is properly brought as personal representative.")]. Thus, any arguments as to Ms. Skaggs-Manuel as an individual appear misplaced and do not affect the standing of the Estate.

Nevertheless, the Grand County Defendants argue that the Estate lacks standing to assert Claims 1–7, because at the time of filing the Complaint the Estate did not exist and Ms. Skaggs-Manuel was therefore not the personal representative. *See* [#49 at 7; #54 at 2–6]. The Grand County Defendants insist that, even if the Estate was established and Ms. Skaggs-Manuel was appointed as personal representative *after* the initiation of this matter, this is still insufficient to confer standing on the Estate. [#49 at 7; #54 at 2–6]. As mentioned, Plaintiffs rely on Colo. Rev. Stat. § 15-12-701 to assert that standing existed at the time of filing the Complaint, as Ms. Skaggs-Manuel's appointment as personal representative of the Estate relates back to July 5, 2017. [#52 at 1–3].

As a threshold matter, this court concludes that the Grand County Defendants' arguments, while couched in terms of standing, do not implicate the court's subject matter jurisdiction. *See, e.g.*, *Noone v. Town of Palmer*, 2 F. Supp. 3d 1, 8–9 (D. Mass. 2014) (rejecting the defendants' standing challenges because whether the plaintiffs were the executor(s) of the decedent's estate "is more properly viewed as an issue of capacity [to sue] rather than Article III standing."); *Seaton v. Okla. ex rel. Dep't of Human Servs.*, No. 14-cv-780-JED-PJC, 2017 WL 1160579, at *11–12 (N.D. Okla. Mar. 28, 2017) (concluding the defendants' arguments that the plaintiffs lacked standing because they were not the personal representatives of the decedent's

6

estate "confuses a plaintiff's standing to sue with his capacity to sue."); *Grose-Dowdy v. State Farm Mut. Auto. Ins. Co.*, 2017 WL 1157288, at *4 (W.D. Tenn. Jan. 6, 2017) (stating that the defendant's arguments regarding which plaintiff had standing to assert claims on behalf of the decedent's estate "is not one of standing but of capacity to sue." (collecting cases)). Two cases are particularly persuasive.

First, a court in this District consider a similar challenge to subject matter jurisdiction and the applicability of Colo. Rev. Stat. § 15-12-701. *See Hill v. Martinez*, 87 F. Supp. 2d 1115 (D. Colo. 2000).[2] *Hill* arose from the untimely passing of Preston Hill, whose parents then initiated a § 1983 suit against the officer-defendant, but waited several months before filing an Amended Complaint naming Mr. Hill's estate, through his parents as personal representatives, as an additional plaintiff. *Id.* at 1118. The officer-defendant moved for summary judgment, arguing the plaintiffs' appointment as personal representatives, which actually occurred a month *after* filing the Amended Complaint, exceeded the two-year statute of limitations period for § 1983 claims. Additionally, the officer-defendant urged the court to dismiss on subject matter jurisdiction grounds, because the plaintiffs were not in fact personal representatives at the time of filing the Amended Complaint and, thus, lacked standing to sue. *Id.* at 1120.

The *Hill* court first concluded that the plaintiffs' appointment as personal representatives of Mr. Hill's estate related back to the time of filing the Amended Complaint pursuant to Colo. Rev. Stat. § 15-12-701, "thereby recusing their seemingly improper filing of the Amended Complaint" for statute of limitations purposes. *Id.* at 1121 (emphasis omitted) (rejecting the

---

[2] The court is puzzled by the Grand County Defendants' citation to *Hill* in their Reply for the proposition that Rule 15(c) of the Federal Rules of Civil Procedure does not save a deficient complaint, *see* [#54 at 5–6], without addressing the court's interpretation of Colo. Rev. Stat. § 15-12-701, given the requirements of Colo. R.P.C. 3.3 that "(a) A lawyer shall not knowingly: . . . (2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel."

application of Rule 15(c) because the plaintiffs were not seeking leave to further amend their complaint to incorporate their status as duly appointed personal representatives; rather, they wanted their appointment to relate back to the filing of the Amended Complaint). The court then concluded that the plaintiffs' appointment as personal representatives was "best characterized as a question of capacity to sue" under Rule 17(b) of the Federal Rules of Civil Procedure rather than as their standing to sue. *Id.* at 1122 ("Whether plaintiffs can sue on behalf of an estate is a question of 'right to litigate in a federal court,' not a question of 'right to relief' based on whether an injury-in-fact exists."). Accordingly, because there was no concern that events subsequent to the initiation of the lawsuit retroactively created jurisdiction, the court held that section 15-12-701 "require[d] Plaintiffs' appointment as personal representatives of their son's estate to relate back to, and thereby render valid, their filing of the Amended Complaint." *Id.* at 1123 (emphasis omitted).

Though *Hill* dealt with the applicability of section 15-12-701 in terms of a statute of limitations defense, its logic extends to the circumstances here. As discussed, the question of Ms. Skaggs-Manuel's ability to sue on behalf of the Estate concerns her capacity to sue under Rule 17(b), not her standing, which is governed by the law of the state in which the district court sits, *i.e.*, Colorado. *See Hill*, 87 F. Supp. 2d at 1122–23 (distinguishing cases that conflated the capacity to sue/standing distinction). Colorado's survivorship statute provides a right to relief for the estate of a decedent who was injured prior to his death, and allows the estate's personal representative to maintain suit. *See* Colo. Rev. Stat. § 13-20-101. Personal representatives "must be appointed by order of the court or registrar, qualify, and be issued letters." *Id.* § 15-12-103. There are no time restraints on becoming a personal representative "if no previous testacy

proceedings or proceedings determining heirship relating to the decedent's estate have been concluded in this state." *Id.* § 15-12-108(2)(c).

As the Grand County Defendants note, *see* [#54 at 6], there are no indications as to any prohibitions on Ms. Skaggs-Manuel's ability to become personal representative of the Estate *after* initiating this action on July 5, 2017, despite Plaintiffs' misrepresentations that Ms. Skaggs-Manuel was the personal representative already. *Compare* [#1 at ¶ 2] *with* [#52-1]. Indeed, according to Colo. Rev. Stat. § 15-12-701, her appointment relates back to the filing of the Complaint. Thus, there is no requirement that Plaintiffs amend their Complaint to reflect Ms. Skaggs-Manuel's appoint as personal representative after the fact, and no basis exists for dismissing Claims 1–7 for lack of subject matter jurisdiction or otherwise. *See Hill*, 87 F. Supp. 2d at 1121–23.

This conclusion is reinforced by *Koho v. Forest Laboratories, Incorporated*, No. C05-667RSL, 2015 WL 11198941, at *1 (W.D. Wash. Mar. 31, 2015). In *Koho*, the district court considered a challenge to its subject matter jurisdiction in a wrongful death suit initiated by the decedent's wife as personal representative of the decedent's estate. *Id.* The defendants argued that the plaintiff lacked standing to assert a wrongful death claim, because at the time of filing the complaint no estate existed and the plaintiff was not appointed as personal representative, despite her representations to the contrary; thus, "there was no injured plaintiff with standing to sue." *Id.* at *2. The court rejected the defendants' standing arguments, noting that the plaintiff's "failure to become the personal representative of [the decedent's] estate is an issue of her capacity to sue, and not an issue of standing or subject-matter jurisdiction." *Id.* The court explained that Washington's survival-of-actions statute allows a decedent's representatives to sue for injuries sustained by the decedent, meaning "a decedent's estate can be 'injured' by

9

harms that a defendant inflicts on the decedent while the decedent is alive." *Id.* (citations omitted). Thus, the court held that the decedent's estate suffered an injury-in-fact upon the decedent's death, regardless of when the plaintiff was appointed personal representative. *Id.* (noting a contrary conclusion would preclude the estate from ever asserting standing and "no representative would ever have capacity to sue on its behalf.").

Here, Plaintiffs initiated this action on July 5, 2017, and represented to the court that Ms. Skaggs-Manuel was personal representative of the Estate. *See* [#1 at ¶ 2]. Although this fact was untrue at the time of filing, *e.g.*, [#52-1], it does not follow that the *Estate* lacks standing to sue. As explained, Colorado's survivorship statute provides that "[a]ll causes of action, except for slander or libel, shall survive and may be brought . . . notwithstanding the death of the person in favor of . . . whom such action has accrued[,]" and "[a]ny action under this section may be brought . . . by . . . the personal representative of the deceased." Colo. Rev. Stat. §§ 13-20-101(1), (2). The Estate thus suffered an injury-in-fact upon the passing of Mr. Manuel, regardless of when the Estate was formally established; and whether Ms. Skaggs-Manuel had the *capacity* to bring suit on behalf of the Estate does not implicate this court's subject matter jurisdiction. *Koho*, 2015 WL a11198941, at *2.

In addition, because I conclude that the court has subject matter jurisdiction over the Estate's constitutional claims, Defendants' sole argument for dismissing any alleged municipal liability claim is inapposite. *See Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317–18 (10th Cir. 2002) (explaining that municipality liability cannot exist absent an underlying constitutional violation). Nor is dismissal of Plaintiffs' remaining state law claims based on the Grand County Defendants' argument that no federal question exists warranted under the circumstances.

## CONCLUSION

For the reasons stated herein, I respectfully **RECOMMEND** that:

(1)  The Grand County Defendants' Motion to Dismiss [#49] be **DENIED**.[3]

DATED: March 22, 2018

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge

---

[3] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).