IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 17-cv-01633-REB-NYW

THE ESTATE OF MICHAEL SCOT MANUEL, Deceased, by and through Julie Christine Skaggs-Manuel, Personal Representative, and
JULIE CHRISTINE SKAGGS-MANUEL, individually,

    Plaintiffs,

v.

HEATHER GISH, individually and in her capacity as a Deputy for the Grand County Sheriff's Department,
MARLAN ANDERSON, individually and in his capacity as a Deputy for the Grand County Sheriff's Department,
SUSAN JAMES, individually and in her capacity as a Deputy for the Grand County Sheriff's Department,
JACOB FISHER, individually and in his capacity as a Corporal for the Grand County Sheriff's Department, and
KYNDRA GORE, individually and in her capacity as a Lieutenant for the Grand County Sheriff's Department,

    Defendants.

## ORDER RE: GRAND COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

The matter before me is the **Grand County Defendants' Motion for Summary Judgment and Brief In Support of Same** [#79],[1] filed June 15. 2018. I grant the motion in part and deny it without prejudice in part, dismiss plaintiffs' federal constitutional claims, and decline supplemental jurisdiction over the state law claims.

---

[1] "[#79]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## I.  JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction).

## II.  STANDARD OF REVIEW

Summary judgment is proper when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  **FED. R. CIV. P.** 56(a); ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party.  ***Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); ***Farthing v. City of Shawnee***, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); ***Farthing***, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue.  ***Concrete Works, Inc. v. City & County of Denver***, 36 F.3d 1513, 1517 (10th Cir. 1994), ***cert. denied***, 115 S.Ct. 1315 (1995).  Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  ***Id.*** at 1518.  All the evidence must be viewed in the light most favorable to the party opposing the motion.  ***Simms v. Oklahoma ex rel. Department of Mental Health and Substance Abuse Services***, 165 F.3d 1321, 1326 (10th Cir.), ***cert. denied***, 120 S.Ct. 53 (1999).

## III. ANALYSIS

This facts of this matter are well-known to the parties and need not be discussed in detail. In *precis*, Michael Scot Manuel, while being detained in the Grand County Jail and under suicide watch, hung himself with a metal cord which was attached to a communication kiosk in his cell. On behalf of the estate and on her own behalf, Mr. Manuel's wife, plaintiff Julie Skaggs-Manuel, has sued defendants, all members of the Grand County Sheriff's department, for alleged deliberate indifference to Mr. Manuel's Fourteenth Amendment right to adequate medical care while in custody. She also has asserted a claims of negligence and wrongful death under Colorado law. Defendants now move for summary judgment, claiming qualified immunity from the federal constitutional claims and government immunity from the state law claims under the Colorado Governmental Immunity Act ("CGIA"), § 24-10-118(2), C.R.S.

Under federal law, a state official is immune from civil liability unless her actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known." **Harlow v. Fitzgerald**, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); **see also Herring v. Keenan**, 218 F.3d 1171, 1175 (10th Cir. 2000), **cert. denied**, 122 S.Ct. 96 (2001). To overcome this immunity, plaintiffs must establish both that defendants violated Mr. Manuel's rights under federal law and that such rights were clearly established at the time of the violation. **Greene v. Barrett**, 174 F.3d 1136, 1142 (10th Cir. 1999). A reviewing court may "exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." **Pearson v. Callahan**, 555 U.S. 223, 236, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009). **See also**

***Herrera v. City of Albuquerque***, 589 F.3d 1064, 1070 (10th Cir. 2009).  Here, I find and conclude that, under either prong of this test, defendants are entitled to qualified immunity as to the federal constitutional claims.

"Under the Fourteenth Amendment's Due Process Clause, pretrial detainees are entitled to the same degree of protection against denial of medical care as that afforded to convicted inmates under the Eighth Amendment." ***Barrie v. Grand County, Utah***, 119 F.3d 862, 868 (10th Cir. 1997).  Claims that jail officials failed to take adequate steps to prevent a detainee's suicide are considered a denial of that right.  ***Id.*** at 866.  To state a violation of their constitutional rights, therefore, plaintiffs must establish that defendants were deliberately indifferent to a substantial risk that Mr. Manuel would commit suicide.  ***Id.*** at 868-69.

To satisfy the subjective component of this claim,[2] plaintiff must demonstrate each defendant knew of and disregarded an excessive risk that Mr. Manuel would commit suicide.  ***See Farmer v. Brennan***, 511 U.S. 825, 837-38, 114 S.Ct. 1970 ,1979, 128 L.Ed.2d 811 (1994); ***Barrie***, 119 F.3d at 869.  This standard is equivalent to "criminal recklessness, which makes a person liable when she consciously disregards a substantial risk of harm." ***Beauclair v. Graves***, 227 Fed. Appx. 773, 776 (10th Cir. May 22, 2007) (quoting ***Mata v. Saiz***, 427 F.3d 745, 752 (10th Cir. 2005)).  Stated differently, a plaintiff will satisfy this element only where she shows a defendant both was "aware of facts from which the inference could be drawn that a substantial risk of serious harm

---

[2]  Defendants do not appear to contest that Mr. Manuel's suicidal risk was a serious medical need sufficient to meet the objective component of a deliberate indifference claim.  ***See Farmer v. Brennan***, 511 U.S. 825, 834, 114 S.Ct. 1970 ,1977, 128 L.Ed.2d 811 (1994); ***Ramos v. Lamm***, 639 F.2d 559, 575 (10th Cir. 1980).

4

exists, and . . . also dr[e]w the inference." *Farmer*, 114 S.Ct. at1979.

It is plain defendants did much to attempt to identify and mitigate the potential risk that Mr. Manuel might commit suicide: they undertook a suicide screening, placed Mr. Manuel on suicide watch, required him to wear a suicide smock, placed him in a room near the booking area which permitted quicker and more frequent access, and checked on him frequently. Plaintiffs, with the benefit of hindsight, identify a number of different, allegedly more reasonable, actions which could have been undertaken to better ensure Mr. Manuel's safety.[3]

That, however, is not the standard. "[I]it is not enough for a plaintiff to argue that the constitutionally cognizable injury would not have occurred if the [defendant] had done more than he or she did." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3rd Cir. 1989). Jail officials are not liable for failing to "absolutely guarantee the safety of their prisoners," and are required only to take "reasonable steps" to ensure their safety. *Cox v. Glanz*, 800 F.3d 1231, 1247 (10th Cir. 2015) (citation and internal quotation marks omitted). So long as defendants respond reasonably to known risks, they cannot be found deliberately indifferent simply because their actions ultimately failed to prevent Mr. Manuel's death. *Farmer*, 114 S.Ct. at 1982-83. The evidence clearly shows they

---

[3] Plaintiffs argue particularly that the presence in the cell of a metal cord presented an obvious risk to a potentially suicidal detainee. While "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious," because "we know that people are not always conscious of what reasonable people would be conscious of," a risk may only be found obvious in this context if there is proof that it is "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past." *Farmer*, 114 S.Ct. at 1981 (citation and internal quotation marks omitted). Plaintiffs present no such evidence here. Indeed, they offer nothing to contradict defendants' evidence that the phone kiosk in the room had never been used as a ligature or otherwise presented any threat of harm in the two years up to the date of Mr. Manuel's suicide. Moreover, at least one court affirmatively has found the presence of a corded telephone in a detainee's cell "alone is not a condition that poses a substantial risk of serious harm." *See Posey v. Southwestern Bell Telephone L.P.*, 430 F.Supp.2d 616, 623 (N.D. Tex. 2006).

5

took such reasonable steps here.

Plaintiffs' argument appears to be that, having properly screened Mr. Manuel for suicide, defendants then were responsible to eliminate every possible risk that he might actually kill himself. Yet detainees have no clear constitutional right to "the proper implementation of adequate suicide prevention protocols." **Taylor v. Barkes**, – U.S. –, 135 S.Ct. 2042, 2044-45, 192 L.Ed.2d 78 (2015). Jail officials here appear to have placed Mr. Manuel on suicide watch out of an abundance of caution rather than with knowledge or disregard of a *substantial* risk that he would harm himself.[4] Although Mr. Manuel admitted to the booking officer to having attempted suicide three months previously and stated he didn't "want to be living," which warranted his placement on suicide watch, his behavior while in the jail thereafter gave deputies no reason to be more cautious than they were about his welfare. At every check,[5] Mr. Manuel appeared subdued and either lying down or sleeping, and he was calm and cooperative in his interactions with deputies. He made no further comments about intending to harm himself, nor did he make any comments about the kiosk or attempt to go near it. **Cf. Duran v. City of Eagle Pass, Texas**, 2012 WL 1593185 at *1, *9 (W.D. Tex. May 3, 2012) (officers not entitled to qualified immunity where they were called because decedent was threatening suicide, decedent asked arresting officers to shoot him, banged his head against the plexiglass partition in the patrol car, and tried to strangle himself with his boxer shorts while in custody – prior to actually succeeding by means of a phone cord – but never was transported to mental health facility or received mental

---

[4] Indeed, had defendants failed to identify Mr. Manuel as suicidal at all, I would be hard pressed to find they acted with deliberate indifference based on the evidence before me.

[5] Deputies checked on Mr. Manuel 56 times in a period of 14 hours.

6

health assessment).

The facts viewed in the light most favorable to plaintiffs may (or may not) demonstrate negligence, or even gross negligence, **Berry v. City of Muskogee**, 900 F.2d 1489, 1496 (10th Cir. 1990), but they fall well short of demonstrating that any defendant was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and . . . also dr[e]w the inference," **Farmer**, 114 S.Ct. at 1979. Plaintiffs therefore have failed to show a constitutional violation necessary to support their federal claims.

Nevertheless, and even if plaintiffs could establish that defendants violated Mr. Manuel's Fourteenth Amendment rights in this case, they have failed to demonstrate that right was clearly established. A right is considered clearly established when there is a Supreme Court or Tenth Circuit decision on point or when "the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." **Quinn v. Young**, 780 F.3d 998, 1005 (10th Cir. 2015) (citation and internal quotation marks omitted). Yet plaintiffs have identified no case, from this circuit or any other, which discusses the Fourteenth Amendment rights of pretrial detainees in anything remotely similar to the present circumstances.[6] Instead, the precedents to which they point – **Mata v. Saiz**, 427 F.3d 745 (10th Cir. 2005), and **Garcia v. Salt Lake County**, 768 F.2d 303 (10th Cir. 1985) – do no more than state at a high level of abstraction the generalized right of pretrial detainees to adequate medical care and

---

[6] Plaintiff's suggestion that a 2008 patent case from the Federal Circuit involving cord-free telephones marketed for use in correctional facilities should have alerted defendants to the risk of corded phones in cells exceeds the purview of what reasonable officials must do to apprise themselves of the law governing their conduct.

7

officials' potential liability for deliberate indifference to those rights.[7]  Just last term, the Supreme Court reiterated "the longstanding principle that clearly established law should not be defined at a high level of generality. . . [T]he clearly established law must be particularized to the facts of the case." **White v. Pauly**, – U.S. –, 137 S. Ct. 548, 552, 196 L. Ed. 2d 463 (2017) (citations and internal quotation marks omitted).  Because officials must be able "reasonably [to] anticipate when their conduct may give rise to liability for damages," **Davis v. Scherer**, 468 U.S. 183, 195, 104 S.Ct., 3012, 3019, 82 L.Ed.2d 139 (1984), "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right," **Anderson v. Creighton**, 483 U.S. 635, 639, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).  Plaintiffs' failure to identify a reasonably analogous precedent alone would justify granting defendants' motion.  **See Cox**, 800 F.3d at 1247.

Nevertheless, my own research on the matter convinces me that Mr. Manuel's right was not clearly established in any event.  I have identified a meager handful of cases from other jurisdictions involving suicides by means of a phone cord left in a detainee's or inmate's cell.  **See, e.g.**, **Davis v. Fentress County Tennessee**, 6 Fed. Appx. 243, 250 (6th Cir. March 2, 2001); **Duran**, 2012 WL 1593185 at *1, *9; **Posey v. Southwestern Bell Telephone L.P.**, 430 F.Supp.2d 616, 621-23 (N.D. Tex. 2006); **Hayes v. City of Des Plaines**, 182 F.R.D. 546, 551 (N.D. Ill. 1998).[8]  Of course, none

---

[7] For one thing, neither of these cases involved a jail or prison suicide. **See Mata**, 427 F.3d at 750 (alleging deliberate indifference in prison officials' failure to provide adequate medical care when plaintiff suffered heart attack); **Garcia**, 768 F.2d at 305-06 (alleging deliberate indifference for failure to adequately monitor inmate who overdosed on alcohol and barbiturates).

[8] Nor have I found *any* cases involving a depressed but otherwise non-violent and cooperative detainee or inmate, or one who was *properly* screened for suicide but nevertheless succeeded in killing himself while in custody.

8

of these decisions is precedential in this circuit, nor do they collectively constitute a "clear weight of authority from other circuits." *See Prison Legal News, Inc. v. Simmons*, 401 F. Supp. 2d 1181, 1192 (D. Kan. 2005) ("[A] synthesis of [Tenth Circuit] cases shows that ordinarily a court would expect to see cases from at least three other circuits before concluding that a right is clearly established based on the clearly established weight of authority from other courts") (citation and internal quotation marks omitted).[9] Nor are any so plainly analogous to the facts of this case so as to even be persuasive. In the absence of any such authority, I am constrained to conclude defendants did not violate Mr. Manuel's clearly established rights. Defendants thus are entitled to qualified immunity on this basis as well.

My determinations as to the constitutional questions in this case eliminate the only basis for federal jurisdiction. When all federal claims have been dismissed prior to trial, the court generally should decline to exercise supplemental jurisdiction over pendant state law claims. *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002). I find it appropriate to do so here, and thus will dismiss plaintiffs' remaining state law claims without prejudice.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Grand County Defendants' Motion for Summary Judgment and Brief In Support of Same** [#79], filed June 15. 2018, is granted in part and denied in part, as follows:

---

[9] While the Seventh Circuit recently held that a pretrial detainee has a clearly established right in that circuit to be free from deliberate indifference to his risk of suicide, *Estate of Clark v. Walker*, 865 F.3d 544, 551 (7th Cir. 2017), *pet. for cert. filed*, 138 S.Ct. 1285 (March 19, 2018) (No. 17-872), that decision is neither binding on me nor particularly persuasive, as it defines the relevant right at a level of abstraction which appears contrary to the Supreme Court's most recent statements in *White v. Pauly*.

a. That the motion is granted with respect to plaintiffs' federal constitutional claims; and

b. That in all other respects, the motion is denied;

2. That plaintiffs' federal constitutional claims are dismissed with prejudice;

3. That the court declines to exercise supplemental jurisdiction over plaintiffs' supplemental state law claims, and those claims are dismissed without prejudice;

4. That judgment with prejudice shall enter on behalf of defendants, Heather Gish, individually and in her capacity as a Deputy for the Grand County Sheriff's Department; Marlan Anderson, individually and in his capacity as a Deputy for the Grand County Sheriff's Department; Susan James, individually and in her capacity as a Deputy for the Grand County Sheriff's Department; Jacob Fisher, individually and in his capacity as a Corporal for the Grand County Sheriff's Department; and Kyndra Gore, individually and in her capacity as a Lieutenant for the Grand County Sheriff's Department, and against plaintiffs, The Estate of Michael Scot Manuel, Deceased, by and through Julie Christine Skaggs-Manuel, Personal Representative; and Julie Christine Skaggs-Manuel, individually, as to plaintiffs' federal constitutional claims;

5. That judgment without prejudice shall enter on behalf of defendants, Heather Gish, individually and in her capacity as a Deputy for the Grand County Sheriff's Department; Marlan Anderson, individually and in his capacity as a Deputy for the Grand County Sheriff's Department; Susan James, individually and in her capacity as a Deputy for the Grand County Sheriff's Department; Jacob Fisher, individually and in his capacity as a Corporal for the Grand County Sheriff's Department; and Kyndra Gore, individually and in her capacity as a Lieutenant for the Grand County Sheriff's

Department, and against plaintiffs, The Estate of Michael Scot Manuel, Deceased, by and through Julie Christine Skaggs-Manuel, Personal Representative; and Julie Christine Skaggs-Manuel, individually, as to plaintiffs' supplemental state law claims;

6. That in accordance with the **Amended Order Approving Motion To Dismiss Defendants Brett Schroetlin and Wayne Schafer** [#78], filed May 21, 2018, judgment without prejudice shall enter on behalf of quondam defendants, Brett Schroetlin, individually and in his capacity as the Sheriff for the Grand County Sheriff's Department; and Wayne Schafer, individually and in his capacity as Undersheriff for the Grand County Sheriff's Department, and against plaintiffs, The Estate of Michael Scot Manuel, Deceased, by and through Julie Christine Skaggs-Manuel, Personal Representative; and Julie Christine Skaggs-Manuel, individually, as to all claims for relief asserted herein;

7. That all pretrial deadlines are vacated;

8. That the combined Final Pretrial Conference and Trial Preparation Conference scheduled for August 6, 2018, at 10:00 a.m., is vacated;

9. That the jury trial scheduled to commence on August 20, 2018, is vacated;

10. That defendants are awarded their costs, to be taxed by the clerk of the in the time and manner required under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

11. That this case is closed.

Dated July 20, 2018, at Denver, Colorado.

BY THE COURT:

*Bob Blackburn*
Robert E. Blackburn
United States District Judge